**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYRONE HUNT,

    Plaintiff,

vs.

STATE OF CALIFORNIA, et al.,

    Defendants.

No. CV 12-2291 MEJ

**ORDER DISMISSING AMENDED COMPLAINT**

## INTRODUCTION

On May 8, 2012, Plaintiff Tyrone Hunt filed a three-page handwritten complaint and an application to proceed in forma pauperis. The Court granted Plaintiff's application to proceed in forma pauperis, but dismissed the complaint with leave to amend. Plaintiff has now filed an amended complaint. Upon review of the amended complaint, the Court DISMISSES this case WITH PREJUDICE for the reasons set forth below.

## LEGAL STANDARD

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of §

1915(e) (2)(B)(ii) parallels the language of Federal Rule of Civil Procedure (Rule) 12(b)(6)."). As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous" where it lacks an arguable basis either in law or in fact. *Id.* at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(I), the Court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

The Court may also dismiss a complaint sua sponte under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and

2

conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 129 S.Ct. at 1949; *see also Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under 12(b)(6), the Court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

## ANALYSIS

Here, Plaintiff's amended complaint simply states that Defendant Michelle Rhee is "in violation of Brown v. Board of Ed., (1954) etc., then she should be immediately placed into permanent exile from this country." Am. Compl. at 2. Plaintiff goes on to state that he "seeks the immediate expulsion, expellment [sic], and the immediate placement of Ms. Michelle Rhee to Korea, and all others similarly situated into permanent exile from this nation." *Id.* Plaintiff seeks two trillion dollars in damages. *Id.* The Court finds Plaintiff's amended complaint frivolous as it lacks any basis either in law or in fact. Even if Plaintiff's complaint had merit (and no such finding is being made), Plaintiff's claim for Defendant's exile to Korea and demand for two trillion crosses the line into frivolous litigation with nebulous claims that are grossly exaggerated or totally false. *Molski*, 500 F.3d at 1060–61. Accordingly, Plaintiff's complaint is DISMISSED.

As the Court noted in its previous order, when dismissing a case, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez,* 203 F.3d at 1130. The Court previously granted Plaintiff leave to amend and advised him to comply with the guidelines set forth in Rule 8(a), and to allege with at

least some degree of particularity the facts in which defendant engaged to support the claim. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff has done neither. The Court also

recommended that Plaintiff obtain a copy of the Court's *Handbook for Litigants Without a Lawyer*, which provides an explanation of the required components of a complaint, and that he may wish to seek assistance from the Legal Help Center or from the San Francisco Bar Association's lawyer referral service. As the Court has provided Plaintiff ample instruction and recommendations for assistance, and his amended complaint continues to be deficient at best, the Court finds that leave to amend would be futile. Accordingly, the case is DISMISSED WITH PREJUDICE. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: June 4, 2012

MARIA-ELENA JAMES
United States Magistrate Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants.　　　　　　　　　／ | Case Number: CV12-2291 MEJ<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tyrone Hunt
422 Chesapeake St. SE #33
Washington, DC 20032

Dated: June 4, 2012

　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　By: Rose Maher, Deputy Clerk

5